## GUST SCHILL, ET AL.
### vs.
## CARL G. DAHL

| | | |
|---|---|---|
| Superior Court | Hartford County | File #53428 |

Present:   Hon. ERNEST A. INGLIS, Judge.

| | |
|---|---|
| W. H. Fogarty, | Attorney for the Plaintiffs. |
| Shipman & Goodwin, | Attorneys for the Defendant. |

**MEMORANDUM FILED OCTOBER 6, 1936.**

INGLIS, J.   The plaintiffs are three carpenters who, with respect to the matters referred to in this memorandum, were acting together in a joint enterprise in which each was the agent for himself and others.

For several months prior to March, 1932, they had been doing the carpenter work on four one-family dwelling houses for the defendant under a contract whereby it was agreed that they should receive for their labor the sum of $1200. per

house. In February, 1932, the defendant told Schill that he wanted to build two two-family houses on South Quaker Lane and would like "you fellows" (meaning the plaintiffs) to do the work. He then requested Schill to sketch out plans for such houses. Schill prepared such sketches, submitted them to the defendant and after some discussion the defendant told Schill to go ahead with the work. No price for the work either lump sum or per hour was agreed upon but both parties understood that the work should be paid for and the work was ordered by the defendant and later furnished by the plaintiffs under such circumstances that an agreement to pay a reasonable amount therefor was implied. The defendant understood that the arrangement into which he was entering was with Schill and that the other two plaintiffs were employees of Schill. This misunderstanding, however, makes no difference because none of the plaintiffs dispute the fact that Schill was authorized to act for himself and the other two and at worst from their viewpoint it was the case of an undisclosed agency and the defendant has no defense against Schill's claim different from or in addition to such defense as he may have against the partnership.

Pursuant to the said arrangement the plaintiffs started work during the first week of March and continued until the two two-family houses were completed about the middle of September, 1932. During that time they worked a total of 3231 hours and that was a reasonable number of hours to consume on the work done.

Because of the fact that the building trades were at the time in the depth of the depression a reasonable hourly charge for the work done by the plaintiffs was eighty cents. The reasonable value of services rendered by the plaintiffs to the defendant was therefore $2,584.80. This amount was due and payable not later than October 1st, 1932. Prior to that date the defendant had made payments on account of this work amounting to a total of $1725., leaving a balance of $784.80. The interest on the unpaid balance amounts to $189.47, making the total amount due $974.27.

The claim is taken out of the statute of limitations by repeated unconditional promises to pay when he could get the money made by the defendant at various times within the

three years next prior to the starting of this action. The latest such promise was in the fall of 1935.

Judgment may enter for the plaintiffs to recover of the defendant $974.27 damages and their taxable costs.